JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Timothy Shaffer appeals from the trial court's classifying him as a sexual predator. For the reasons below, we affirm.
{¶ 2} In August 1997, a thirteen-year-old boy met Shaffer, a former high school band teacher, while conversing in an Internet chat room. Shaffer suggested that the two meet in person and the victim agreed. Shaffer picked up the boy in his car, and during the ride Shaffer asked him about his family's sleeping arrangements. Later that evening, Shaffer went to the victim's home and sneaked into the boy's bedroom where the two had sex. On three other occasions, Shaffer came to the boy's bedroom, while his family slept, and had sex with the boy. During one incident, the boy's father came to the boy's bedroom and Shaffer hid in the closet until after he left.
{¶ 3} The victim's mother went to the police after her son attempted suicide in 2000. She learned of the relationship after the boy told his therapist about Shaffer.
{¶ 4} Shaffer was charged with five counts of corruption of a minor and one count of disseminating matter harmful to juveniles.
{¶ 5} On August 10, 2001, Shaffer pled guilty to one count of corruption of a minor and the remaining counts were nolled.
{¶ 6} Shaffer was sentenced to a term of seventeen months. At the time of sentencing, Shaffer was serving a two-year sentence on two unrelated cases stemming from incidents which took place in May 1999. In those cases, he pled guilty to contributing to the delinquency of a minor, attempted pandering of sexually oriented material involving a minor, pandering of sexually oriented material involving a minor, illegal use of a minor in sexually oriented material, and illegal use of a minor in nudity oriented material. The trial court ordered his current sentence to be served consecutively to those previously imposed terms.
{¶ 7} On October 9, 2001, pursuant to House Bill 180 and R.C. 2950, a sexual predator hearing was conducted. At the hearing, the State introduced the presentence investigation report, a statement from the sixteen-year-old victim of the May 1999 incident, statements from two other sixteen-year-old boys who had sexual relations with Shaffer, a letter written by a sixteen-year-old Louisiana boy which was addressed to Teach and responded to a sexually related phone conversation with Shaffer, a copy of an index card with the Louisiana boy's address and photograph attached thereto, a statement from a seventeen-year-old boy who met Shaffer over the Internet, testimony from a Solon detective that these boys' names, addresses, and directions to their homes were found on index cards in Shaffer's home, and a picture of the thirteen-year-old victim in the case at bar.
{¶ 8} In addition to the foregoing, Detective Michael Stanley of the Solon Police Department and Candace Risen, Shaffer's psychologist testified.
{¶ 9} In light of the evidence submitted, the trial court found Shaffer to be a sexual predator.
{¶ 10} Shaffer assigns three errors on appeal.
 I. {¶ 11} THE TRIAL COURT ERRED IN HOLDING THAT THE DEFENDANT WAS A SEXUAL PREDATOR PURSUANT TO ORC 2950.09.
{¶ 12} Shaffer argues that the trial court's finding that he is a sexual predator was not supported by clear and convincing evidence.
{¶ 13} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
{¶ 14} Before declaring an offender a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(3).
{¶ 15} As stated in State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247, 743 N.E.2d 881, citing Cross v. Ledford (1954),161 Ohio St. 469, 477, 120 N.E.2d 118:
 {¶ 16} Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
{¶ 17} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54.
{¶ 18} Pursuant to R.C. 2950.09(B)(2), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to those factors enumerated in the statute. The factors in the statute are as follows:
 {¶ 19} (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
{¶ 20} The trial court reviewed all of the above evidence and made findings under the factors listed in R.C. 2950.09(B)(2)(a), (b), (c), (d), (h) and (j).
{¶ 21} The trial court noted that because Shaffer is thirty, and his sentence is short, he will be young enough to reoffend at the time of his release from prison. R.C. 2950.09(B)(2)(a). Next, Shaffer's prior convictions, which were reduced from approximately forty-two charges to just five charges, all involved minor victims. R.C. 2950.09(B)(2)(b). Also, the victim in the instant case was only thirteen years old at the time of the incident. R.C. 2950.09(B)(2)(c). In addition, the trial court acknowledged that it shared the concern expressed by Risen regarding the fact that Shaffer had multiple victims. R.C. 2950.09(B)(2)(d). Further, the trial court found, based on the defense's expert's testimony, that there was a demonstrated pattern of abuse. R.C. 2950.09(B)(2)(h).
{¶ 22} The trial court also noted that hard core pornography was found in Shaffer's home. R.C. 2950.09(B)(2)(j). The court also acknowledged the fifty to sixty index cards found by Solon police in Shaffer's home which contained specific directions to young boys' homes and instructions on how to get inside the homes. Id. The trial court acknowledged that the Solon police had confirmed that at least two minors whose names and addresses appeared on the index cards had met with Shaffer in person. Id.
{¶ 23} Lastly, the trial court found that Shaffer's possession of the victim's picture would clearly indicate that the boy could not be mistaken for an adult, and that as a teacher, Shaffer should have known by the boy's appearance that he was not an older teen.
{¶ 24} Shaffer argues that the trial court erred in classifying him as a sexual predator because the court's determination was not supported by clear and convincing evidence. Shaffer's contention is based on the fact that the only expert witness to testify opined that there is a very good chance that he will not repeat these offenses.
{¶ 25} Candace Risen, a psychotherapist at the Center for Marital and Sexual Health testified as an expert on Shaffer's behalf. Risen met with Shaffer for a total of three hours and administered a test known as the Abel Assessment which detects sexual preference.
{¶ 26} Risen concluded that Shaffer is not a pedophile. She further stated that, with therapy, there is a very good chance that he will not repeat these offenses. However, she admitted that while Shaffer was incarcerated for his previous offenses he only briefly attended a sex offender course.
{¶ 27} Risen listed several factors against recidivism. First, the Abel Assessment did not indicate that Shaffer's sexual preference for adolescent males is unusual. Next, neither drugs nor alcohol were involved in these offenses. Also, the thirteen-year-old victim appeared to be an exception since the other males were sixteen or older. Further, Risen stated other than the sexual addiction there are no signs of mental pathology.
{¶ 28} She also based her decision on the fact that Shaffer has no history of engaging in behavior with underage males prior to 1997, and that the incidents in question took place during a concentrated period of time between 1997 and 1999.
{¶ 29} However, the State produced a letter with sexual content from a sixteen-year-old that was postmarked in 1996. Further, the behavior stopped in May 1999 when the Solon police began investigating Shaffer's conduct. And, since May 2000, Shaffer has been in jail.
{¶ 30} Risen also acknowledged that there were two factors indicating recidivism. First, there were multiple underage victims over a period of two to three years, and the youngest victim was thirteen years old.
{¶ 31} Although Shaffer's expert testified that there is a good chance that Shaffer will not reoffend, this evidence must be considered in conjunction with the other evidence presented. See State v. Kennedy, (July 12, 2001), Cuyahoga App. No. 78600. The failure to do so would force the trial court to accept the conclusions of psychologists, despite the presence of other overwhelming evidence contrary to those conclusions. Id.; State v. Barrett, 3rd Dist. No. 5-99-60, 2000-Ohio-1820.
{¶ 32} Based on a review of the record we cannot say that the trial court's finding is based on insufficient evidence.
Accordingly, we affirm its classification of Shaffer as a sexual predator.
 II. {¶ 33} THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT.
{¶ 34} Shaffer maintains that the trial court's sentencing decision failed to meet the statutory requirements for imposing consecutive sentences.
{¶ 35} First, we note that the court imposed a single term of imprisonment. Nevertheless, we conclude that the trial court followed the mandates of R.C. 2929.14 (E)(4).
{¶ 36} R.C. 2929.14(E)(4) sets forth the factors for imposition of consecutive or multiple prison terms, and provides in pertinent part:
 {¶ 37} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *.
{¶ 38} Further, the trial court is required to find that the offender's behavior fits into one of the categories listed in R.C.2929.14(E)(4)(a),(b) or (c). Once the trial court has made a category finding, the trial court must give its reason for imposing consecutive terms. R.C. 2929.19(B)(2)(c).
{¶ 39} Here, in imposing a consecutive sentence, the trial court recited the statutory language set forth in R.C. 2929.14(E). While sentencing Shaffer the trial court noted Shaffer's very serious prior record, specifically addressing the fact that his prior victims were also minors. The trial court noted the serious psychological harm suffered by the thirteen-year-old victim. Then the court described how Shaffer sneaked into the victim's home to have intercourse with him. The trial court then stated, I find it necessary that the public be protected from you. Thus, she made a category finding under R.C. 2929.14(E)(4)(c), and stated her reasons for so doing.
{¶ 40} Accordingly, the trial court did not err in imposing a prison term to run consecutively to the sentence Shaffer was already serving.
 III. {¶ 41} THE SEXUAL PREDATOR STATUTE O.R.C. 2950.01, ET SEQ. IS UNCONSTITUTIONAL.
{¶ 42} Shaffer argues that R.C. 2950.01, et seq., is unconstitutional because it denies a defendant due process and his right to a jury trial, and it results in double jeopardy. The Ohio Supreme Court has upheld the constitutionality of R.C. 2950.01, et seq., on these issues in State v. Williams (2000), 88 Ohio St.3d 513 and State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291. Accordingly, we find Shaffer's arguments are without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. and JAMES J. SWEENEY, J. CONCUR